IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR HENDERSON,

       Plaintiff,                         22cv1270
                                        ELECTRONICALLY FILED

   v.

ALLEGHENY COUNTY COURT OF
RECORDS, ET AL.,

       Defendants.

**MEMORANDUM ORDER**

      This pro se prisoner civil rights action was commenced on September 2, 2022, when Plaintiff Arthur Henderson filed a Motion for Leave to Proceed in Forma Pauperis. ECF No. 1. On September 13, 2023, the Motion was granted. ECF No.5. The Complaint was docketed by the Clerk of Court on that same date. ECF No. 6. The case was assigned to United States Magistrate Judge Patricia Dodge (after Magistrate Judge Eddy recused) on November 4, 2022, for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

      After two amended Complaints were filed by Plaintiff (one as of right and the second after properly seeking leave of Court to do so) (ECF No. 13, 24 and 25), Defendants filed Motions to Dismiss (ECF No. 30 and ECF No. 44) Plaintiff's Second Amended Complaint (ECF No. 25).

      Plaintiff's Second Amended Complaint is comprised of the following: Count 1 is an alleged violation of the Equal Protection Clause under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against all Defendants. (Id. ¶¶ 61–66.). Under Count 1 is a section entitled "Official Capacity Claim," which refers to Defendants and also

describes how they intentionally sought to deprive him of his Fourteenth Amendment rights. Count 2 is a claimed violation by all Defendants pursuant to the Due Process Clause under the Fourteenth Amendment of the United States Constitution under 42 U.S.C. § 1983. (ECF No. 25 ¶¶ 72–78.). Plaintiff specifies that his claims against Defendant McGeever are in his "official and personal/individual capacity," whereas his claims against Defendant Smith and Defendant Judge McDaniel are in their "personal/individual capacity," only. (Id. ¶¶ 73–75.) Count 3 is an alleged claim of negligence against all Defendants in their individual and official capacities. (Id. ¶¶ 79–83.)

The Magistrate Judge's Report and Recommendation (ECF No. 50), filed on December 21, 2022, thoroughly analyzed each claim and recommended that the Motion to Dismiss the Second Amended Complaint be granted. The primary basis for the Recommendation to Grant the Motion to Dismiss is centered upon the finding that the Statute of Limitations on this civil action under Pennsylvania state law had run years prior to the filing of this lawsuit, and that the claims are barred because the Defendants are immune from suit under the Political Tort Subdivisions Claim Act and the Eleventh Amendment. The Report and Recommendation further held that Plaintiff's claims are otherwise without merit.

The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. Upon a motion to extend the Objection deadline by Plaintiff, Objections were due on June 26, 2023.

On June 21, 2022, Plaintiff filed his objections, at ECF No. 53, claiming *inter alia* that the Discovery Rule and a liberal reading of his Complaint presents a factual issue based upon Plaintiff's unsupported assertion that Defendants committed fraud on the Court thus preventing

him from being able to reasonably discover the alleged error regarding the filing date in his PCRA Petition.  Plaintiff further contends that absolute immunity does not bar his claims against Defendant McDaniel in his individual capacity, that he has stated claims against the County Defendants in their official and individual capacities, and Counts 1 and 2 claims for equal protection and due process violations be permitted to proceed and he should be permitted to amend his complaint for a third time.

After a *de novo* review of the pleadings, documents in the case, together with the Report and Recommendation and Objections, which contains 41 pages of thorough examination and analysis of all of Plaintiff's claims, including that the statute of limitations bars the claims therein, and are also without merit.  Plaintiff's objections (ECF No. 53) are OVERRULED.  The following Order is entered:

**AND NOW**, this   11th   day of August, 2023,

The Clerk's Office Defendants' Motion to Dismiss (ECF No. 30) and Defendant Judge McDaniel's Motion to Dismiss (ECF No. 44) are granted.  Plaintiff's Second Amended Complaint is dismissed with prejudice, because Henderson's claims are barred by the statute of limitations, and because Plaintiff's Second Amended Complaint fails to state any claims against the Defendants.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 50) of Magistrate Judge Dodge, dated June 1, 2023, is adopted as the Opinion of the Court.

The Clerk shall mark the docket as closed.

**SO ORDERED** this 11th day of August, 2023.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

**ARTHUR HENDERSON**
LD-3209
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450